MICHELLE R. BERNARD (SBN:144582)
mbernard@grsm.com
KELLY FITZGERALD CANBY (SBN: 185227)
kcanby@grsm.com
JENNIFER J. KELLAR (SBN: 216573)
jkellar@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7769
Facsimile: (619) 696-7124

Attorneys for Defendant
FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN, erroneously sued herein as FOREMOST INSURANCE COMPANY GRAND RAPIDS

THEODORE BRISCOE III (SBN:360808)
Tbriscoe@caia.legal
THOMAS JAMES GIBBONS (SBN:209740)
Thomas@caia.legal
CALIFORNIA INSURANCE ATTORNEYS, P.C.
222 N. Pacific Coast Highway, Ste 2000
El Segundo, CA 90245
Telephone: (855) 410-4242

Attorneys For Plaintiff
JESUS AREVALO

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JESUS AREVALO,

Plaintiff,

vs.

FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHICAN, et al.

Defendants.

CASE NO. 5:26-cv-01146-KK-DTBx

Hon. Kenly Kiya Kato
Magistrate Judge David T. Bristow

**JOINT RULE 26(F) REPORT**

*[Scheduling Conference Date]*

Date: May 14, 2026
Time: 10:00 AM
Location: Courtroom 3
3470 Twelfth Street
Riverside, CA 92501

Complaint filed: January 20, 2026

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 26-1, and the Order Setting Scheduling Conference issued by this Court on April 16, 2026 [ECF Doc. 13], Plaintiff Jesus Arevalo ("Plaintiff") and Defendant Foremost Insurance Company Grand Rapids, Michigan, erroneously sued herein as Foremost Insurance Company Grand Rapids ("Defendant" or "Foremost Insurance"), submit the following Joint Rule 26 Scheduling Conference Report. Counsel for Plaintiff and Defendant conferred via telephone on April 29, 2026.

**A. Statement of the Case**

Plaintiff's residential property located at 1048 Cantara St., Colton, California 92324 ("Insured Premises" or "Property") allegedly sustained wind and rain damage to the roof causing rainwater to leak into the interior of the house allegedly causing further damage as a result of a loss event that allegedly occurred on or about January 7, 2025 ("Loss"). Plaintiff contends he timely reported the Loss to the Foremost Insurance on or about July 18, 2025 and the Defendant acknowledged receipt and assigned claim number 70092106231 ("Claim") with a January 7, 2025 date of loss. Plaintiff tendered the Claim to Foremost Insurance seeking coverage benefits under Foremost Insurance's Classic CL Homeowners Policy No. 0090791194 issued to Plaintiff for the coverage period effective April 9, 2024 to April 9, 2025 (hereinafter the "Policy") for Loss-related damage to the Property, repairs and related mitigation expenses. Based on the results of the company's investigation regarding the cause of the Loss to the Property, Foremost Insurance denied coverage for the Claim because the roof was not impacted by wind but rather wear and tear which is not covered by the Policy.

Plaintiff contends Foremost Insurance wrongfully denied the Claim and, as a result, that the Property has not been returned to its pre-Loss condition and remains in its state of disrepair.

Foremost Insurance denies Plaintiff's allegations. It contends it properly investigated and denied Plaintiff's Claim based on the available information, and

that no benefits are owed for the Loss under the Policy. Foremost Insurance maintains it acted reasonably in its investigation, handling, adjustment and denial of Plaintiff's Claim, and its coverage position is consistent with the terms, conditions, exclusions and limitations of the Policy and applicable law.

Plaintiff commenced this action against "Foremost Insurance Company Grand Rapids" and Does 1-10 for Breach of Contract and Money Damages for Tortious Bad Faith on January 20, 2026 by filing a complaint in the Superior Court of the State of California for the County of San Bernardino ("Complaint"). Upon the filing of the Complaint, the case was assigned case number CIVSB2601862. The Complaint and a summons on the Complaint were first served upon Foremost Insurance's registered agent by substitute service on February 9, 2026 and was mailed on February 10, 2026. Foremost Insurance removed the lawsuit to this Court on March 11, 2026 and timely filed its Answer [ECF Doc. 8] to the Complaint herein.

**B. Subject Matter Jurisdiction**

This is a civil action over which this Court has jurisdiction under 28 U.S.C. § 1332, and pursuant to the provisions of 28 U.S.C. § 1441(a) and (b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**C. Legal Issues**

**(1) Plaintiff's Claims**

Plaintiff contends that the insured property located at located at 1048 Cantara Street, Colton, California 92324 ("Insured Premises" or "Property") sustained wind and rain damage to the roof on or about January 7, 2025 causing rainwater to leak into the interior of the Property allegedly causing further damage thereafter. Plaintiff filed a claim with its homeowner insurance company, Defendant Foremost Insurance requesting payment for its damages, including payment for water mitigation services

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

relative to the loss. Foremost Insurance denied coverage for the Claim based on the lack of wind related damage and wear and tear which is excluded under the policy.

Plaintiff maintains that Foremost breached the policy of insurance by denying the claim and seeks damages for the cost to restore the damaged property to a pre-loss condition and payment for water mitigation services which included placement of a tarp on the roof and dryout services in the interior. Plaintiff further contends that Foremost has violated the implied covenant of good faith and fair dealing and seeks damages which include but are not limited to consequential damages, attorney fees and punitive damages.

**(2) Defendant's Defenses**

Foremost Insurance contends it investigated, handled, adjusted, and denied the Claim fairly, promptly, and in good faith in accordance with the terms, conditions, exclusions and limitations of the Policy and applicable law. Additionally, Foremost Insurance further contends that a genuine dispute exists as to its liability under the Policy for the Policy benefits claimed by Plaintiff. Foremost Insurance's Answer on file with the Court sets forth Foremost Insurance's pre-discovery defenses in the case.

**D. Parties, Evidence, etc.**

**(1) Parties**

**Plaintiff** – Jesus Arevalo is the owner of the Property and insured under the Policy issued by Foremost Insurance. Plaintiff is represented by Thomas Gibbons of California Insurance Attorneys, P.C.

**Defendant** – Defendant Foremost Insurance issued the Policy to Plaintiff. A list of businesses affiliated with Foremost Insurance are identified in its Certification and Notice of Interested Parties filed with this Court on March 10, 2026 (ECF Doc. 3) and as noted therein Foremost Insurance is a wholly owned subsidiary of non-parties Farmers Insurance Exchange, Truck Insurance Exchange and Fire Insurance

Exchange. Foremost Insurance is represented by Michelle R. Bernard, Kelly Fitzgerald Canby and Jennifer J. Kellar of Gordon Rees Scully Mansukhani, LLP.

Foremost Insurance does not currently anticipate the addition of other parties to this action.

**(2) Witnesses:**

The list below is based upon the information currently available to the parties and is therefore intended to be inclusive, but not exhaustive. However, in submitting this list, the parties do not intend to waive the right to object to discovery on any of these topics for any reason, including relevancy. The list below of parties and witnesses is based upon information currently available to the parties, and therefore, is not intended to be inclusive, but not exhaustive:

1. Jesus Arevalo (plaintiff)
2. Naquia Coston of Foremost Insurance
3. Nolan Marinello of Foremost Insurance
4. Katarzyna Harwatek of Foremost Insurance
5. Alejandro Guerrero of Foremost Insurance
6. Nicholas Reyna of Seek Now
7. Osman Delgado of Biohome Restorations Corp
8. Yenny Kibbe of Biohome Restorations Corp
9. Paola of California Insurance Attorneys, P.C.
10. Jose of California Insurance Attorneys, P.C.
11. T. Briscoe of California Insurance Attorneys, P.C.
12. Favio Aliaga of California Insurance Attorneys, P.C.
13. Carlos Ioayza of California Insurance Attorneys, P.C.
14. Person Most Qualified for Biohome Restorations Corp
15. Person Most Qualified for Seek Now
16. Person Most Qualified for Ladder Now
17. Luis Sanchez of High Quality Insurance Solutions

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

18. Person Most Qualified for High Quality Insurance Solutions
19. Person Most Qualified for Foremost Insurance regarding the company's coverage position for the loss and claims handling protocols.
20. Custodians of records for entity witnesses
21. Any and all persons and/or entities that have inspected, prepared an estimate, and/or performed repairs to the Property;
22. Any and all other Foremost Insurance claims professionals, agents, and/or vendors who handled, investigated, adjusted and/or monitored Plaintiffs' Claim;
23. Any and all other consultants, agents, and/or vendors who assisted and/or advised Plaintiffs regarding the Loss and/or Claim.

**(3) Evidence and Documents:**

The parties identify the following key evidence and/or documents on the main issues in the case based upon information currently available to the parties, and therefore, is intended to be inclusive, but not exhaustive:

1. The Policy issued to Plaintiff;
2. Foremost Insurance's claim file for Claim No. 70092106231, including claim notes and/or files, and other claim file materials, including but not limited to, inspection reports and photographs, estimates, and communications;
3. Communications between Foremost Insurance and Plaintiff, and those on behalf of Plaintiff, regarding the Policy, the Loss, the Claim and/or prior claims, including but not limited to a prior water damage claim in or around 2020;
4. Plaintiffs' related documents and claim related notes and file materials, including but not limited to, inspection reports, photographs, checks, communications and estimates;

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

5. All documents, communications, photographs, scopes and estimates for repairs, mitigation, estimates and emergency services pertaining to the Property, the Loss, the Claim and/or prior claims, including but not limited to a prior water damage claim in or around 2020;
6. All documents, submissions, correspondence, or communications, including transcripts, relating to the investigation of the Loss by Foremost Insurance and/or its agents and vendors;
7. All documents evidencing Plaintiff's alleged damages for which it seeks recovery from Foremost Insurance in this lawsuit.
8. All documents evidencing non-privileged communications between Plaintiff and its counsel regarding the Claim and Loss;

**E. Damages**

Plaintiff contends that Foremost Insurance is responsible for covering the alleged Loss-related water damage mitigation services totaling $24,125.19 and reasonable and necessary costs to repair covered Loss-related damage to the Property totaling $133,722.88 (collectively $157,848.07+ for mitigation services and other alleged repair costs), other unspecified compensatory and extra-contractual damages caused by the alleged unreasonable investigation and adjustment of Plaintiff's Claim, punitive damages, statutory damages, attorneys' fees, interest and costs of suit. *See* Complaint, Prayer, Page 7. Foremost Insurance disputes and denies Plaintiff's allegations.

**F. Insurance**

This is an insurance coverage dispute regarding a first-party property insurance policy.

**G. Motions**

Foremost Insurance does not anticipate motions to add parties or claims, file amended pleadings, or transfer venue, but discovery has not yet commenced, and thus, a motion to amend is possible. Foremost Insurance also anticipates filing

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

dispositive motions and/or a motion to bifurcate issues as discussed further below in Sections K and R.

**H. Manual for Complex Litigation**

Foremost Insurance does not believe the Manual for Complex Litigation should be used in this case.

**I. Status of Discovery**

Foremost Insurance will provide Plaintiff with its Initial Disclosures on or before May 13, 2026. Likewise, Plaintiff will serve Defendant with its initial disclosures on or before May 13, 2026. The parties have not yet initiated discovery.

**J. Discovery Plan**

- **Scope of Discovery**

Without waiving any objections, Foremost Insurance anticipates that it will require discovery on all claims outlined in Plaintiff's Complaint and Foremost Insurance's answer thereto.

- **Changes in Disclosure**

Foremost Insurance foresees no required changes to the disclosures required under Federal Rule 26(f).

- **Nature and Subject Matter of Anticipated Discovery**

**1. Plaintiff's Anticipated Discovery:**

Plaintiff anticipates that it will seek discovery related to Defendant's investigation of the claim, basis for denial of the claim, evidence as to Defendant's knowledge of the condition of Plaintiff's roof at the time the policy was issued, affirmative defenses raised by Defendant, valuation of the claim, if any and breach of the implied covenant of good faith and fair dealing. In addition to issuing written discovery to Defendant, Plaintiff will seeks to depose Defendant's Corporate Representative as to the 1) investigation of the claim and 2) underwriting relative to the condition of the insured property at the time the policy was issued. Defendant

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

will also seek to depose Defendant's field adjuster who inspected the insured property following the loss.

**2. Defendant's Anticipated Discovery:**

Foremost Insurance will seek discovery related to: (1) Plaintiff's application for the Policy; (2) Plaintiff's maintenance and repair history for the Property; (3) Plaintiff's investigation regarding the cause of Loss and evidentiary support for its Claim-related damages; (4) Plaintiff's efforts (if any) to mitigate its damages after discovery of the Loss; (5) Plaintiff's efforts (if any) to mitigate any alleged damages or conduct repairs after the discovery of alleged water damages following Plaintiff's previously claim in or around 2020; (6) Plaintiff's representations to Foremost Insurance regarding the cause of Loss and their claimed Loss-related damages. After exchanging Rule 26 initial disclosures, Foremost Insurance intends to propound written discovery to Plaintiff (interrogatories, requests for admission and document production requests) and serve business record subpoenas on Plaintiff's consultants who were involved with the investigation of the Loss and preparation of estimates regarding the alleged Loss-related damage to the Property.

Foremost Insurance also intends to take the depositions of witnesses identified in Plaintiff's discovery responses, including but not limited to the fact witnesses identified herein.

- **Phased Discovery**

Foremost Insurance does not believe phasing of discovery is necessary in this matter. Plaintiff agrees as well.

- **Electronically Stored Information**

Electronic mail, text, electronic messages or other electronic communication files shall be produced, to the extent possible, as completed threads in pdf format, unless specifically requested to be produced in the original electronic format.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

- **Limitations on Discovery**

Foremost Insurance requests that FRCP Rule 33(a)(1) limits be increased to 45. Foremost Insurance does not otherwise request any deviation from the Federal and Local Rules. Plaintiff objects to increasing Rule 33(a)(1) limits.

- **Other Orders**

Foremost Insurance anticipates requesting entry of a protective order with respect to information that may be produced in this action that would be designated by the parties as confidential and/or proprietary business information not subject to public disclosure. Foremost Insurance will meet and confer further with Plaintiff to explore if a mutually agreeable proposed protective order can be prepared, which the parties will submit to the Court for its consideration

- **Expert Discovery**

Foremost Insurance anticipates the need for expert opinion testimony on:

1. Insurance claims handling/industry custom and practices;
2. Cause of the Loss and any Loss-related damage to the Property (including costs of repair); and
3. Plaintiff's alleged Claim-related damages. Plaintiff expects to offer expert testimony as to the aforementioned issues.

**K. Dispositive Motions**

Foremost Insurance anticipates filing a motion for summary judgment and/or partial summary judgment with respect to Plaintiffs' breach of contract and bad faith claims and/or Plaintiffs' punitive damages claim, including but not limited to the following issues:

1. Whether Foremost Insurance owes any obligation under the Policy to pay coverage benefits for the Loss;
2. Whether Plaintiffs breached any conditions of the Policy thus precluding their right to recover benefits for the Loss;

3. Whether Foremost Insurance unreasonably withheld any benefits due under the Policy in connection with the Loss; and

4. Whether Plaintiffs' claim for extra-contractual damages is barred by the "genuine dispute" doctrine and/or any other affirmative defenses set forth in Foremost Insurance's answer to Plaintiffs' Complaint.

**L. Settlement**

The parties have not discussed settlement at this time based. Foremost Insurance is willing to participate in private mediation and/or in the Court-Directed ADR Program and be referred to the Court Mediation Panel.

Foremost Insurance prefers private mediation. Plaintiff prefers Court-Directed ADR Program and requests a referral to the Court Mediation Panel.

**M. Consent to Magistrate Judge**

After discussing the Magistrate Judge consent program with their respective clients and/or meeting and conferring with opposing counsel, on or about March 17, 2026, Foremost Insurance filed and served Defendant's Notice of Assignment to a U.S. Magistrate Judge and Declination Consent as executed by defense counsel.

**N. Trial Estimate**

Foremost Insurance estimates that trial will take 5 days. Plaintiff estimates a trial between 4 to 5 days. The trial will be held by jury. Foremost Insurance anticipates calling 6-10 witnesses. Plaintiff anticipates calling 5 to 7 witnesses.

**O. Trial Counsel**

Plaintiff: Thomas J. Gibbons, Esq./Angela Russell, Esq.

Defendant: Michelle R. Bernard, Esq.

**P. Independent Expert of Master**

Foremost Insurance does not believe appointment of an expert or special master is necessary. Plaintiff agrees.

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

**Q. Timetable:**

A copy of the Schedule for Pretrial Dates Form is attached to this Joint Report and was completed by counsel for Foremost Insurance after conferring with counsel for Plaintiff on April 29, 2026 regarding the terms of the Order Setting Scheduling Conference, specifically including the various levels of factual and legal complexity referenced by the Court therein and thereafter agreeing that this case falls on the high side of the "*Medium Level*" or in the low range of "*High Level*," due to the need for expert testimony, significant third party discovery and anticipated dispositive motion practice. The Parties agree to this designation and the dates sought in the SCHEDULE OF PRETRIAL DATES attached hereto.

**R. Other Issues**

- **Privilege Or Protection Issues**

At this time, Foremost Insurance does not anticipate any issues relating to claims of privilege or of protection of trial-related preparation materials. However, to the extent that any issues arise with respect to any privilege and/or attorney work product claims, the parties agree that they will meet and confer in good faith to first discuss options for informally resolving any such disputes. Foremost Insurance reserves its right to seek further orders regarding any claims of privilege and/or protection of trial-related preparation materials should it become necessary.

- **Other Orders**

Foremost Insurance anticipates requesting entry of a protective order with respect to information that may be produced in this action that would be designated by the parties as confidential and/or proprietary business information not subject to public disclosure. Foremost Insurance will meet and confer further with Plaintiff to explore if a mutually agreeable proposed protective order can be prepared, which the parties will submit to the Court for its consideration.

- **Bifurcation**

Foremost Insurance will seek to bifurcate the issue of whether the Claim was covered and Plaintiff's punitive damages claim, if necessary.

***[SCHEDULE OF PRETRIAL DATES FORM ATTACHED HERETO]***

DATED: April 30, 2026 CALIFORNIA INSURANCE ATTORNEYS, P.C.

By: ***/s/ Thomas James Gibbon***
Thomas James Gibbon
Attorneys for Plaintiff
JESUS AREVALO

DATED: April 30, 2026 GORDON REES SCULLY MANSUKHANI, LLP

By: ______________________
Michelle R. Bernard
Kelly Fitzgerald Canby
Jennifer J. Kellar
Attorneys for Defendant
FOREMOST INSURANCE COMPANY
GRAND RAPIDS, MICHIGAN

**<u>SIGNATURE CERTIFICATION</u>**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Thomas James Gibbons, counsel for Plaintiffs, and that I have obtained Mr. Gibbon's authorization to affix his electronic signature to this document.

DATED: April 30, 2026 GORDON REES SCULLY MANSUKHANI, LLP

By: ______________________
Michelle R. Bernard
Kelly Fitzgerald Canby
Jennifer J. Kellar
Attorneys for Defendant
FOREMOST INSURANCE COMPANY
GRAND RAPIDS, MICHIGAN

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# SCHEDULE OF PRETRIAL DATES

**[*CASE NO. 5:26-cv-01146-KK-DTBx*]**

| Matter: | Deadline (in weeks/months after scheduling conference) | Joint Requested Date |
|---|---|---|
| Last Day to Stipulate or File Motion to Amend Pleadings or Add New Parties | *Low Level*: 2-3 weeks<br>*Medium Level*: 4-7 weeks<br>*High Level*: 8-10 weeks | **06/02/2026** |
| Fact Discovery Cut-Off (including hearing of discovery motions) | *Low Level*: 2 months<br>*Medium Level*: 3-6 months<br>*High Level*: 7-10 months | **01/14/2027** |
| Matter | Deadline (in weeks after fact discovery cut-off) | Joint Requested Date |
| Last Day to Serve Initial Expert Reports | *Low Level*: 1 week<br>*Medium Level*: 2 weeks<br>*High Level*: 4 weeks | **02/04/2027** |
| Last Day to Serve Rebuttal Expert Reports | *Low Level*: 2 weeks<br>*Medium Level*: 4 weeks<br>*High Level*: 8 weeks | **02/25/2027** |
| Expert Discovery Cut-Off (including hearing of discovery motions) | *Low Level*: 3-4 weeks<br>*Medium Level*: 6-7 weeks<br>*High Level*: 12-14 weeks | **03/25/2027** |
| Motion Hearing Cut-Off | *Low Level*: 8-9 weeks<br>*Medium Level*: 11-12 weeks<br>*High Level*: 18-20 weeks | **04/22/2027** |
| Last Day to Conduct Settlement Proceedings | *Low Level*: 8-9 weeks<br>*Medium Level*: 11-12 weeks<br>*High Level*: 18-20 weeks | [ ] Magistrate Judge<br>[ **P** ] Mediation Panel<br>[ **D** ] Private Mediation<br><br>Requested date: **05/07/2027** |
| Final Pretrial Conference (Thursday at 10:30 a.m.) | *Low Level*: 10-12 weeks<br>*Medium Level*: 15-20 weeks<br>*High Level*: 24-30 weeks | **06/03/2027 (Thurs. 10:30 a.m.)** |

| | | |
|---|---|---|
| Trial<br>(Monday at 8:30 a.m. for jury trials; Monday at 9:00 a.m. for bench trials) | 18 days after Final Pretrial Conference | [ **X**] Jury<br>[ ] Bench<br><br>Estimated duration:<br>**5** days<br><br>Requested date:<br>**06/21/2027**<br>**(Mon. 8:30 a.m.)** |

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

MICHELLE R. BERNARD (SBN:144582)
mbernard@grsm.com
JENNIFER J. KELLAR (SBN: 216573)
jkellar@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7769
Facsimile: (619) 696-7124

Attorneys for Defendant
FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN, erroneously sued herein as FOREMOST INSURANCE COMPANY GRAND RAPIDS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS AREVALO,<br><br>Plaintiff,<br><br>vs.<br><br>FOREMOST INSURANCE COMPANY GRAND RAPIDS, and DOES 1-10,<br><br>Defendants. | CASE NO. 5:26-cv-01146-KK-DTBx<br><br>Hon. Kenly Kiya Kato<br>Magistrate Judge David T. Bristow<br><br>**PROOF OF SERVICE**<br><br>Complaint filed: January 20, 2026 |

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP, 101 West Broadway, Ste. 2000, San Diego, California 92101. On April 30, 2026 below, I served the within documents:

**JOINT RULE 26(F) REPORT**

☐ **BY PERSONAL SERVICE:** by having the document(s) listed above personally delivered to the person(s) at the address(es) set forth below.

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Diego, addressed as set forth below.

☒ **BY E-SERVICE:** I caused the document(s) listed above to be sent to the person at the e-mail address on the service list below. I did not receive, within a reasonable time after transmission, any electronic message or other



Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

indication that the transmission was unsuccessful.

Theodore Briscoe III
Thomas James Gibbons
**CALIFORNIA INSURANCE ATTORNEYS, P.C.**
222 N. Pacific Coast Highway, Ste 2000
El Segundo, CA 90245
Telephone: (855) 410-4242
Email: capleadings@caia.legal
Tbriscoe@caia.legal
Thomas@caia.legal

***Attorneys for Plaintiff***
***JESUS AREVALO***

I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on April 30, 2026.

*Kiry Yeoun*
Kiry Yeoun